AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

George A. Farmer
_____
Petitioner

v.

Warden, Mr. S. Salem
_____
Respondent
(name of warden or authorized person having custody of petitioner)

Case No. 5:22-cv-278-CEM-PRL
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: George A. Farmer
    (b) Other names you have used: N/A

2.  Place of confinement:
    (a) Name of institution: FCI Coleman Medium
    (b) Address: P.O. Box 1032
        Coleman, Florida 33521-1032
    (c) Your identification number: 56201-018

3.  Are you currently being held on orders by:
    ☒ Federal authorities        ☐ State authorities        ☐ Other - explain:
                                                             N/A

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: U.S. District Court for the
        Middle District of Florida, Tampa, Florida
        (b) Docket number of criminal case: 8:12-cr-64-T-24-TGW
        (c) Date of sentencing: 4/19/2013
    ☐ Being held on an immigration charge
    ☐ Other (explain): N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain):*    N/A

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    N/A

(b)  Docket number, case number, or opinion number:    N/A

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
N/A

(d)  Date of the decision or action:    N/A

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☒ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:    N/A

(2)  Date of filing:    N/A
(3)  Docket number, case number, or opinion number:    N/A
(4)  Result:    N/A
(5)  Date of result:    N/A
(6)  Issues raised:    N/A

Page 3 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

N/A

(b) If you answered "No," explain why you did not appeal:   N/A

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   N/A

(2) Date of filing:   N/A

(3) Docket number, case number, or opinion number:   N/A

(4) Result:   N/A

(5) Date of result:   N/A

(6) Issues raised:   N/A

(b) If you answered "No," explain why you did not file a second appeal:   N/A

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   N/A

(2) Date of filing:   N/A

(3) Docket number, case number, or opinion number:   N/A

(4) Result:   N/A

(5) Date of result:   N/A

(6) Issues raised:   N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_N/A_

(b) If you answered "No," explain why you did not file a third appeal: _N/A_

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒Yes ☐No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒Yes ☐No

If "Yes," provide:

(1) Name of court: _U.S. District Court for the Middle District of Florida (Tampa)_
(2) Case number: _8:12 - cr - 64 - T - 24 - TGW_
(3) Date of filing: _2013_
(4) Result: _Affirmed_
(5) Date of result: _2015_
(6) Issues raised: _Ineffective Assistance of Counsel_

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: _N/A_
(2) Case number: _N/A_
(3) Date of filing: _N/A_
(4) Result: _N/A_
(5) Date of result: _N/A_
(6) Issues raised: _N/A_

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

N/A

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Petitioner has already filed a Title 28 U.S.C. § 2255 (f)(1) and is not eligible for another § 2255 (f)(1) based on the 1996-1997 Anti-Terrorist Death Penalty Act. Therefore, a § 2255 (f)(1) is ineffective and inadequate to test the legality of the Petitioner's unlawful detention. A §§ 2255 (h)(1) and 2255 (h)(2) is also ineffective to test the legality of the Petitioners unlawful detention, because Borden v. United States, 141 S. Ct. 1817 (2021) is not a Constitutional change in the law, but a Substantive change.

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes    ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:    N/A

(b)    Date of the removal or reinstatement order:    N/A

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes    ☒ No

If "Yes," provide:

(1) Date of filing:    N/A

(2) Case number:    N/A

(3) Result:    N/A

(4) Date of result:    N/A

(5) Issues raised:    N/A

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes    ☒ No

If "Yes," provide:

(1) Name of court:    N/A

(2) Date of filing:    N/A

(3) Case number:    N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

According to Borden v. United States, 141 S. Ct. 1817 (2021), Petitioner is actually innocent of his fleeing and eluding charges and his Florida State Controlled Substances Act § 893.13, because these prior offenses can be committed with a mens rea element. Petitioner never committed any intentional nor deliberate nor specific conduct in those Florida State priors.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes            ☒ No

**GROUND TWO:** N/A

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes            ☒ No

**GROUND THREE:** N/A

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes            ☒ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

N/A

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes        ☒ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:  United States v. Borden, 141 S. Ct. 1817 (2001) was not available
to the Petitioner at that time, and Eleventh Circuit law precedent
did not allow Petitioner to submit other claims.

**Request for Relief**

15.  State exactly what you want the court to do:  Petitioner requests that this Honorable
Court remand this case back to the U.S. District Court, based on
Petitioner's actual innocence regarding Borden v. United States, 141 S. Ct.
1817 (2001); and Jones v. Hendrix, U.S. Supreme Court cite 21-847,
(2022); and Ham v. Breckon, U.S. Supreme Court cite 21-852 (2022),

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  6 - 2 - 22

x _George A Farmer_____
Signature of Petitioner

x _George A Farmer_____
Signature of Attorney or other authorized person, if any

UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF FLORIDA

_____

Case No.: 8:12-cr-64-T-24-TOW

_____

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA
2022 JUN 17 AM 11:39
FILED

TITLE 28 U.S.C. § 2241(c)(3) MOTION/PETITION/MEMORANDUM OF LAW

By:
Pro-se incarcerated litigants
Donald G. Green #39747-019
Jonathan Soto #67292-050
Johnny Bedgood #21971-017

For:
George A. Farmer #56201-018
FCI Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032

## TABLE OF CONTENTS

Page

Jurisdiction..........................................................iii

Table of Authorities..................................................iv

Statement of the Case.................................................vi

Argument One...........................................................2

Conclusion.............................................................4

Certificate of Service.................................................5

## JURISDICTION

Based on Title 28 U.S.C. §§ 1291-1292, 2255(e), and 2241(c)(3), this Honorable Court has jurisdiction to hear this case.

## TABLE OF AUTHORITIES

Cases                                                                Page(s)

Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d
    472 (1995)..................................................................4

Borden v. United States, 141 S. Ct. 1817 (2021)...........................v, 2, 3

Boumedeine v. Bush, 553 U.S. 725-779......................................3

Brown v. Caramay, 719 F.3d 583, 588 (7th Cir. 2013).......................4

Davis v. United States, 417 U.S. 333-343, 94 S. Ct. 2298, 41 L. Ed. 2d
    109 (1974)..................................................................4

Eagle v. Isaac, 456 U.S. 107-108 (1983)...................................4

Haines v. Kerner, 404 U.S. 519 (1972)....................................1

Ham v. Breckon, U.S. Supreme Court cite 21-847...........................3

Ham v. Breckon, 924 F.3d 682 (4th Cir. 2021).............................4

Hill v. Masters, 836 F.3d 591, 595 (6th Cir. 2016).......................4

Hill v. United States, 368 U.S. 424-429, 82 S. Ct. 468, 7 L. Ed. 2d
    417 (1962).................................................................3

House v. Bell, 547 U.S. 517-522 (2006)...................................4

In Re Davenport, 147 F.3d 605, 609-11 (7th Cir. 1998)....................4

In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).......................3

In Re Jones, 226 F.3d 328 (4th Cir. 2000)................................4

Jones v. Hendrix, U.S. Supreme Court cite 21-857.........................3

Jones v. Hendrix, 8 F.4th 683 (4th Cir. 2021)............................4

Narvaez v. United States, 674 F.3d 621, 629 (7th Cir. 2011)..............4

Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d
    924 (2004).................................................................4

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)........4

Schlup v. Delo, 513 U.S. 298-300 (1995)..................................4

United States v. Tucker, 404 U.S. at 447.................................4

Wheeler v. United States, 886 F.3d 415 (4th Cir. 2018)...................4

Zaduydas v. Davis, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d
    653 (2001).................................................................4


Statutes                                                             Page(s)

21 U.S.C. § 841(a)(1)....................................................2

21 U.S.C. § 841(b)(1)(B)(viii)...........................................2

21 U.S.C. § 851..........................................................2

28 U.S.C. §§ 1291-1292..................................................iii

28 U.S.C. § 1746.........................................................5

28 U.S.C. § 2241(c)(3)............................................iii, v, 3

28 U.S.C. § 2255(e).............................................iii, 3

28 U.S.C.§ 2255(h)(1)...............................................v, 3

28 U.S.C. § 2255(h)(2)..............................................v, 3

U.S.S.G. § 4B1.1(a)...................................................3

U.S.S.G. § 4B1.2(a)...................................................3

Florida State Stat. § 893.13..........................................2

## STATEMENT OF THE CASE

Movant is actually innocent of his career offender status, based on **Borden v. United States**, 141 S. Ct. 1817 (2021). Movant has exhausted all of his Court of Appeals remedies and lower U.S. District Court remedies. Also, a 28 U.S.C. §§ 2255(h)(1) and 2255(h)(2) are ineffective to test the legality of the Movant's detention, because his claims are not newly discovered claims, nor constitutional Supreme Court claims that the United States Supreme Court made retroactive on a second or successive §§ 2255(h)(1) or 2255(h)(2). Therefore, a second or successive § 2255 motion is inadequate to test the legality of Movant's actual innocence. The only entry into the Honorable Court is through a Title 28 U.S.C. § 2241(c)(3) Motion/Petition/Memorandum of Law, through the portal avenue of a Title 28 U.S.C. § 2255(e), the "savings clause." Movant therefore pursues this Title 28 U.SC. § 2241(c)(3) Motion through the portal avenue of a 28 U.S.C. § 2255(e), the savings clause, in order to have his claim heard in this Honorable U.S. District Court for the Middle District, because **Borden v. United States**, 141 S. Ct. 1817 (2021) is a substsantial change in the law, not a constitutional change in the law, and because of that reason, Movant files this § 2241(c)(3) Motion/Petition/Memorandum of Law in the U.S. District Court for the Middle District of Florida (Ocala Division).

vi

UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF FLORIDA


George A. Farmer,

    Movant,


v.                                   Case No.: 8:12-cr-64-T-24-TOW


United States of America,

    Respondent.

_____/


## TITLE 28 U.S.C. § 2241(c)(3) MOTION/PETITION/MEMORANDUM OF LAW


    **COMES NOW,** Movant files this § 2241(c)(3) Motion/Petition/Memorandum of Law, Pro-se. Movant is a layman of the law, unskilled in the law, and therefore requests that this Motion will be construed liberally. **Haines v. Kerner**, 404 U.S. 519 (1972).

## ARGUMENT ONE

**Movant is actually innocent of his career offender status of being a career offender based on Borden v. United States, 141 S. Ct. 1817 (2021).**

---

In 2012, when Movant was arrested for the offense of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), he was found guilty by a jury and sentenced to 25 years in a Federal United States prison, where he now resides.  He was declared a career offender, based on three (3) Florida State priors of fleeing and eluding, for career offender status, are not violent felonies, nor violent crimes, regarding **Borden v. United States**, 141 S. Ct. 1817 (2021), because they were not committed with any violence, nor intentional, nor deliberate, nor "specific intent" of violence.  See **Borden**, supra.  They were of mens rea with a mens rea element of the offense.  None of the Movant's three fleeing and eluding State of Florida priors were of any deliberate nor intentional nor of specific violent conduct to commit any violence, nor a violent felony.  Nor does fleeing and eluding qualify as a violent offense regarding the requirements of **Borden.**

Movant's § 851 Status for a controlled substance, is not a controlled substance under Federal law, because the State of Florida statute § 893.13 has no mens rea to the illicit nature of the substance.  See **Borden**, supra.  Therefore, regarding this Title 21 U.S.C. § 851 enhancement, it is also not a controlled substance, because it violates **Borden**'s requirements.

Aggravated assault is not a violent offense regarding **Borden**.  Movant's aggravated assault is not intentional nor deliberate nor with "specific intent." Movant's aggravated assault, even though not used to enhance the Movant, would have also violated **Borden** requirements regarding mens rea.  Movant never knowingly nor deliberately, nor with "specific intent," never intentionally, nor deliberately committed such an offense in violation of **Borden.**

Movant's aggravated assault, his fleeing and eluding, and § 851(a)(1), all violate **Borden**'s requirements regarding mens rea.

2

Movant is therefore not a career offender, based on **Borden**, supra. Movant's Title 21 U.S.C. § 851(a)(1), is now also inapplicable for a 10-year mandatory requirement, because it violates **Borden** as well, regardless of the Honorable Court using aggravated assault and § 851 or not to enhance the Movant, they still violate **Borden**, and require Movant to be resentenced, and not as a career offender, based on **Borden**. Therefore, Movant is not a career offender. Movant is presently serving a sentence in violation of the laws, statutes, and Constitution of the United States, that the United States Sentencing Guidelines does not permit, nor does Congress permit either, because it exceeds a sentence for which is not permitted by the Congress, nor by the United States Sentencing Guidelines.

According to **Borden**, regarding Movant's career offender State priors, Movant is serving a sentence for which his career offender status does not permit, according to U.S.S.G. § 4B1.1(a) and 4B1.2(a).

At the time of the Movant's conviction settled law of the ELeventh Circuit and United States Supreme Court law had established the legality of the Movant's conviction, and subsequent to Movant's sentence and conviction, and Movant's direct appeals and first § 2255 Motion, substantive law which in this case in **Borden v. United States**, 141 S. Ct. 1817 (2021) changed such that the conduct of which Movant was convicted is now deemed not to be criminal, and Movant cannot satisfy the gatekeeping provisions of § 2255(h)(1) or § 2255(h)(2) because Movant's claims are not constitutional changes in the law, but a substantive change in the law. Nor is Movant's claim a newly discovered claim, becuase it would have not acquitted him at a trial. Therefore, a second and successive § 2255(h)(1) and § 2255(h)(2) are ineffective and inadequate to test the legality of the Movant's claim. Movant is therefore actually, factually, lawfully, and legally innocent of being a career offender, based on **Borden**. A Title 28 U.S.C. § 2241(c)(3) Motion/Petition/Memorandum of Law is the only portal avenue through a § 2255(e) "savings clause" of entry for the Movant to verify his actual innocence of being a career offender. **Hill v. United States**, 368 U.S. 424-429, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); **Jones v. Hendrix**, U.S. Supreme Court cite 21-857, presently before the Supreme Court; **Ham v. Breckon**, U.S. Supreme Court cite 21-847, presently before the United States Supreme Court on a writ of certiorari. **Boumedeine v. Bush**, 553 U.S. 725-779 ("The privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant laws"); **In re Dorsainvil**, 119

F.3d 245, 251 (3d Cir. 1997); **Narvaez v. United States**, 674 F.3d 621, 629 (7th Cir. 2011). The fact that Movant's sentence falls below the applicable statutory maximum sentence is not alone determinative of whether a miscarriage of justice has occurred. See also **United States v. Tucker**, 404 U.S. at 447; **Reyes-Requena v. United States**, 243 F.3d 893, 904 (5th Cir. 2001); **Hill v. Masters**, 836 F.3d 591, 595 (6th Cir. 2016). Movant's career offender status is a fundamental defect. **In Re Davenport**, 147 F.3d 605, 609-11 (7th Cir. 1998); **Davis v. United States**, 417 U.S. 333-343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974); **In Re Jones**, 226 F.3d 328 (4th Cir. 2000); **Bailey v. United States**, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995); **Zaduydas v. Davis**, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("Freedom from imprisonment is freedom from government custody detention, or other forms of physical restrictions"); **Brown v. Caramay**, 719 F.3d 583, 588 (7th Cir. 2013); **Nelson v. Campbell**, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) ("The core of habeas corpus has included challenges of the prisoner's duration of the prisoner's sentence."); **Wheeler v. United States**, 886 F.3d 415 (4th Cir. 2018); **Jones v. Hendrix**, 8 F.4th 683 (4th Cir. 2021); **Ham v. Breckon**, 924 F.3d 682 (4th Cir. 2021).

According to **Borden**, **United States v. Davis**, 417 U.S. 333-346 (1974); **Schlup v. Delo**, 513 U.S. 298-300 (1995); **Eagle v. Isaac**, 456 U.S. 107-108 (1983); **House v. Bell**, 547 U.S. 517-522 (2006). Movant is actually innocent of being a career offender.

## CONCLUSION

Movant hopes and prays that **Borden** will grant him relief, based on his actual innocence of being a career offender, in violation of **Borden**.

Respectfully,

*George A. Farmer*
George A. Farmer #56201-018

Dated: _6-2-22_

4

## CERTIFICATE OF SERVICE

I, George A. Farmer, duly swear under the penalty of perjury, that I sent a true and correct copy of the foregoing § 2241(c)(3) Motion/Petition/Memorandum of Law to the Clerk of Court for the Middle District of Florida (Ocala Division). 28 U.S.C. § 1746.

Respectfully,

George A. Farmer #56201-018

Dated: 6-2-22

Mail Box Rule
**Lack v. Houston**, 487 U.S. 266 (1988)

28 U.S.C. § 1746



**PRESS FIRM**

U.S. POSTAGE PAID
PM 2-Day
COLEMAN, FL
33521
JUN 15 _22
AMOUNT

**$0.00**
R2305K139876-09

1006        34475



JRITY®
AIL

strictions apply).*

af destinations.

uired

is see the

ations of coverage.

FROM:
George A. Farmer    56201-0101
Federal Correctional Complex
Coleman Med FCI
P.O. Box 1032
Coleman, Florida    33521-1032

RECEIVED
By USMS



TO:

CLERK of Court
Middle District of Florida
U.S. Courthouse    suite 337
207 Northwest Seconed Street
OCALA, Florida  34475-6603



SPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14L © U.S. Postal Service; May 2020; All rights reserved.



# UNITED STATES
## POSTAL SERVICE ®

# PRIORITY®
# MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply)
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# LEGAL FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT



USPS TRACKING #

9114 9022 0078 9684 4131 38

Label 400 Jan. 2013
7690-16-000-7948

gal Flat Rate Envelope
P14L May 2020
): 15 x 9.5

To schedule free Package Pick
scan the QR code.



USPS.COM/PICKUP

UNITED STATES
POSTAL SERVICE ®

PRIORITY
MAIL

LEGAL MAIL

VISIT US AT US
ORDER FREE SUPPLI

LAT RATE ENVELOPE
WEIGHT

ackage Pickup,
R code.



/PICKUP

ED ■ INSURED

Legal Flat Rate Envelope
EP14L May 2020
OD: 15 x 9.5


00060

GEORGE A. FARMER #56201-018
FEDERAL CORRECTIONAL COMPLEX COLEMAN MEDIUM
P.O. BOX 1032
COLEMAN, FLORIDA 33521-1032

CLERK OF COURT
MIDDLE DISTRICT OF FLORIDA
U.S. COURTHOUSE
207 NORTHWEST SECOND STREET, SUITE 337
OCALA, FLORIDA 34475-6603